UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LUIS A. SUAREZ AND ELVIRA SUAREZ | § § § | |
| Plaintiffs | § § § | |
| vs. | § § § | |
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, W. LAREW, JULIE MARTIN, DAVID KARLE, ARNOLD MENDOZA OR ALEXIS MENDOZA, JOHN SISK AS SUBSTITUTE TRUSTEES | § § § § § § § | Civil Action No. 7:19-cv-00233 |
| Defendants | § § | |

## DEFENDANT JPMORGAN CHASE BANK, NATIONAL ASSOCIATION'S NOTICE OF REMOVAL

Defendant JPMorgan Chase Bank, National Association (Chase), incorrectly sued as "JP Morgan Chase Bank, National Association", files its Notice of Removal of this action from the County Court at Law No. 2 of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division, the district and division encompassing the place where the state court is located. This notice of removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Chase respectfully shows this Court as follows:

1.      On July 2, 2019, plaintiffs Luis A. Suarez and Elvira Suarez (Plaintiffs) filed their Original Petition and Request for Temporary Restraining Order and Temporary Injunction (the Complaint) in the County Court at Law No. 2 of Hidalgo County, Texas, styled *Luis A. Suarez and Elvira Suarez vs. JP Morgan Chase Bank, National Association, W. Larew, Julie Maritn, David Karle, Arnold Mendoza or Alexis Mendoza, John Sisk as Substitute Trustees*, where it was assigned

cause number CL-19-3529-B.

2.      Chase has not been properly served with a citation. Removal is timely because thirty days have not elapsed since Chase was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date).  In fact, less than thirty days have elapsed since Plaintiffs filed the Complaint.

3.      A copy of this notice of removal will be filed with the clerk of the County Court at Law No. 2 of Hidalgo County, Texas and served on Plaintiffs.

4.      In accordance with Local Rule 81, a copy of all processes, pleadings, orders signed by the state judge, the state court docket sheet, a complete list of all counsel of record, and an index of such documents are attached collectively as Exhibit A. Chase has also filed contemporaneously with this notice a civil cover sheet.

GROUND FOR REMOVAL:  FEDERAL QUESTION

5.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 in that it arises under the laws of the United States.

6.      In their Complaint, Plaintiffs assert a claim that Chase violated Consumer Financial Protection Bureau (CFPB) servicing rules, which amended Regulation X, Real Estate Settlement Procedures Act, 12 C.F.R. § 1024.41, requiring that a mortgage servicer wait until a borrower is more than 120 days delinquent on payments before making the first official notice of filing for any nonjudicial or judicial foreclosure.[1]  Plaintiffs also assert a claim that Chase violated Home Affordable Modification Program (HAMP) guidelines, 12 U.S.C. § 5219, by refusing and rejecting

---

[1] *See* Ex. A-3, at § VI.

their request for a loan modification.[2]  Because these claims arise under federal statutes, this Court

has federal question jurisdiction and removal is proper.

GROUND FOR REMOVAL: DIVERSITY

7.      This Court also has original jurisdiction over this case under 28 U.S.C. § 1332

because this is a civil action between citizens of different states where the matter in controversy

exceeds $75,000.

      (a)      The amount in controversy exceeds the federal minimum jurisdictional
           requirements.

8.      Plaintiffs seek an injunction to prevent Chase from foreclosing or selling the real

property located at 2313 Gary Lane, Edinburg, Texas 78539 (the Property) or evicting Plaintiffs

from the Property.[3]  "In actions seeking declaratory or injunctive relief the amount in controversy

is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729

(5th Cir. 1983).  Specifically, "[i]n actions enjoining a lender from transferring property and

preserving an individual's ownership interest, it is the property itself that is the object of the

litigation; the value of that property represents the amount in controversy." *Farkas v. GMAC*

*Mortgage, LLC*, 737 F.3d 338, 341 (5th Cir. 2013).  Where the injunctive relief sought would

prohibit foreclosure, the value of the property determines the amount in controversy. *Id.*; *Manrique*

*v. Bank of Am. Corp.*, 1:15-CV-47, 2015 WL 12743608, at *2-3 (S.D. Tex. Oct. 23, 2015).

9.      Alternatively, in the event a foreclosure sale has occurred, Plaintiffs seek to set

aside the sale.[4]  Where Plaintiffs seek an order setting aside the foreclosure, rescinding the

foreclosure, and restoring title of the Property, the value of the Property determines the amount in

controversy.  *See Griffin v. HSBC Bank USA, et. al.*, No. 3:10-CV-728-L, 2010 WL 4781297, at

---

[2] *See* Ex. A-3, at §§ V and VI.
[3] *See* Ex. A-3, at §§ X-XII.
[4] *See* Ex. A-3, at § XI.

*3 (N.D. Tex. Nov. 24, 2010) (citing *Groves v. Rogers*, 547 F.2d 898, 900 (5th Cir. 1977)).  When

the right to real property is in question, the value of the property determines the jurisdictional

amount in controversy.  *See Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).

10.    According to the Hidalgo Central Appraisal District, the Property's estimated

market value is $146,749.[5]  Plaintiffs also seek monetary damages of more than $50,000 but not

more than $70,000 and attorneys' fees.[6]  Accordingly, the amount in controversy in this matter

meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

(b)    Complete diversity between Plaintiffs and Chase exists.

11.    For diversity purposes, an individual is a citizen of the state of his domicile, which

is the place of his true, fixed, and permanent home and principal establishment to which he has the

intention of returning whenever he is absent therefrom. *See Stine v. Moore*, 213 F.2d 446, 448 (5th

Cir. 1954). Plaintiffs were at the time of the filing of this action, have been at all times since, and

are still individual resident citizens of the State of Texas. Accordingly, Plaintiffs are citizens of

Texas.

12.    A national banking association is deemed a citizen of the state in which it is located.

28 U.S.C. § 1348. For purposes of 28 U.S.C. § 1348, a national bank is a citizen of the state in

which its main office, as set forth in its articles of association, is located. *See Wachovia Bank, N.A.*

*v. Schmidt*, 546 U.S. 303 (2006). Chase is a national association with its main office, as designated

by its articles of association, in Columbus, Ohio. Accordingly, Chase is a citizen of Ohio.

---

[5] *See* Ex. B. "District courts have routinely relied on [appraisal district's valuation] to establish the amount in controversy." *Dunn v. Midland Mortg.*, No. H-13-3516, 2014 WL 683854, at *2 (S.D. Tex. Feb. 20, 2014) (citing *Hearn v. Deutsche Bank Nat'l Trust Co.*, No. 3:13-CV-2417-B, 2013 WL 6079460, at *4 (N.D. Tex. Nov. 18, 2013) (collecting cases holding appraisal valuations as competent evidence to establish the amount in controversy)); *Kew v. Bank of Am., N.A.*, No. H-11-2824, 2012 WL 1414978, n.4 (S.D. Tex. Apr. 23, 2012) (noting that a court may take judicial notice of the appraised fair-market value of property under Rule 201 because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned and also noting that a "printout from the Harris Central Appraisal District's website is a public record under Rule 803(8)").
[6] *See* Ex. A-3, at §§ II, XI, and XII.

(c)     The substitute trustee defendants were improperly joined.

13.     Defendants W.D. Larew, Julie Martin, David Karle, Arnold Mendoza, Alexis Mendoza, and John Sisk (the Substitute Trustee Defendants) were improperly joined and, therefore, their citizenship should be disregarded for purposes of diversity jurisdiction.

14.     It is well-established that the citizenship of an improperly-joined defendant is disregarded for the purpose of diversity jurisdiction. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-700 (5th Cir. 1999); *see also Heritage Bank v. Redcom Labs., Inc*., 250 F.3d 319, 323 (5th Cir. 2001), *cert. denied*, 534 U.S. 997 (2001); *Carriere v. Sears, Roebuck & Co*., 893 F.2d 98, 101-02 (5th Cir. 1990). Improper joinder is established by showing actual fraud in pleading jurisdictional facts or the plaintiff's inability to establish a cause of action against the non-diverse defendant. *See Ross v. CitiFinancial, Inc*., 344 F.3d 458, 461 (5th Cir. 2003). When assessing the plaintiff's inability to establish a cause of action, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

15.     The Substitute Trustee Defendants were improperly joined to defeat diversity jurisdiction because Plaintiffs do not and cannot establish a single cause of action against them. In fact, Plaintiffs' only allegations are against "Defendants" generally with no specific allegations directed against the Substitute Trustee Defendant and Plaintiffs fail to allege any facts that would demonstrate any right to relief against the Substitute Trustee Defendants.

16.     The Substitute Trustee Defendants were named solely in their capacity as substitute trustees and are not necessary parties to this suit.  *See* Tex. Prop. Code § 51.007.  Accordingly, for

purposes of determining diversity jurisdiction, the citizenship of the Substitute Trustee Defendants should be disregarded because they were improperly joined.

17.     The Substitute Trustee Defendants' consent to this removal is not required because, as discussed above, they were improperly joined.  *See Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007) ("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined"); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

18.     Accordingly, because the amount in controversy exceeds $75,000 and Plaintiffs are citizens of Texas while no properly joined defendant is a citizen of Texas, this Court has original jurisdiction over the present action under 28 U.S.C. § 1332. Removal is therefore proper.

Chase prays that the above-described action now pending in the County Court at Law No. 2 of Hidalgo County, Texas be removed to this Court.

Respectfully submitted,


_/s/ Wm. Lance Lewis_____
WM. LANCE LEWIS
Texas Bar No. 12314560
S.D. Bar No. 28635
R. KENDALL YOW
Texas Bar No. 24066806
S.D. Bar No. 1533937
QUILLING, SELANDER, LOWNDS,
   WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
214-880-1833 Telephone
214-871-2111 Facsimile
llewis@qslwm.com
kyow@qslwm.com

ATTORNEYS FOR DEFENDANT
JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on July 10, 2019 a true and correct copy of the foregoing document has been furnished to all parties in accordance with the Federal Rules of Civil Procedure.

Luis A. Suarez
Elvira Suarez
2313 Gary Lane
Edinburg, Texas 78539
luiselvirasuarez@gmail.com

   */s/ R. Kendall Yow*
R. Kendall Yow